## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:    Donnell B. Simon<br><br>Debtor(s)<br><br>Donnell B. Simon<br><br>Movant<br>vs.<br><br>Ally Bank, or its Successor or Assignee<br>WILLIAM C. MILLER, Esq., Trustee<br>Respondent(s) | Chapter 13<br>Bankruptcy No. 20-12703-elf |

## SETTLEMENT STIPULATION

WHEREAS, on June 19, 2020, Donnell B. Simon (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, Ally Bank (the "Creditor") is a creditor with a valid and perfected security interest in the Real Property of the Debtor or of the estate which is commonly known as and located at 227 Baily Road, Yeadon, Pennsylvania 19050 (the "Property");

WHEREAS, on August 26, 2020, Debtor filed a Motion to Determine the Secured Status of Ally Bank's Mortgage;

WHEREAS, Movant and the Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Ally Bank, by and through its attorneys, MARGARET GAIRO, ESQUIRE, ANN E. SWARTZ, ESQUIRE, LAUREN M. MOYER, ESQUIRE, and JOHN M. KOLESNIK,

ESQUIRE, and the Debtor, by and through his/her counsel, Michael Seth Schwartz, ("Debtor's Counsel") as follows:

1.      The second mortgage associated with Proof of Claim Number 4 held by Ally Bank on the property located 227 Baily Road, Yeadon, Pennsylvania 19050, in the original amount of $25,200.00 recorded on July 23, 2007, in the Delaware County Recorder's Office in Book 04159 at Page 0179 is junior to the lien held by NewRez LLC d/b/a Shellpoint Mortgage Servicing (NewRez LLC)(as evidenced by claim #2 filed by NewRez LLC setting forth a total debt of $275,448.20.  The parties agree that the fair market value of the Property at the time this case was filed is less than the claim held by NewRez LLC.

2.      For the purposes of this bankruptcy only, the second mortgage is wholly unsecured pursuant to 11 U.S.C. §506(a), and the Court may discharge the second mortgage upon completion of the following: payment of all amounts required pursuant to the Debtor's confirmed Chapter 13 Plan, and amendments thereto; full administration of the Debtor's present Chapter 13 case; and entry of a Discharge Order pursuant to 11 U.S.C. §1328(a) in the instant Chapter 13 case.  Should the Debtor's Chapter 13 Bankruptcy be dismissed or converted, the terms of this stipulation shall be null and void and as such, Creditor's lien will remain in full force and effect.

3.      Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan.

4.      The avoidance of Creditor's second lien is contingent upon the Debtor's completion of the Chapter 13 Plan and the Debtor's receipt of a Chapter 13 discharge.

5.      Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior to the Chapter 13 Plan completion and the entry of a Discharge.

6.      Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case for any reason or the conversion of the Debtor's Chapter 13 Case to any other Chapter under the United States Bankruptcy Code.

7.      In the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 Plan, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

8.      Upon receipt of the Debtor's Chapter 13 discharge and completion of their Chapter 13 Plan, the Order avoiding lien may be requested and obtained by Debtor from the Bankruptcy Court without further notice and recorded at the County's Recorder's Office.

9.      Creditor need not mark the Second Mortgage satisfied unless or until Debtor receives a discharge.  Upon completion of Debtor's Chapter 13 Plan payments and receipt of a discharge, Creditor, Ally Bank shall file a satisfaction of its Second Mortgage lien with the Recorder of Deeds of Delaware County.  Thereafter, a copy of the Satisfaction Piece as duly recorded shall be served upon Debtor and bankruptcy counsel. The satisfaction shall result in the mortgage lien of Ally Bank being avoided as an encumbrance on the Debtor's personal residence.

10.     In the event that the property is destroyed or damaged, pursuant to the mortgage, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

11.     The second mortgage will be void upon discharge of the debt pursuant to 11 U.S.C. §506(d).

12.     Counsel for Debtor has authority to settle this matter on behalf of his/her clients.

/s/ Lauren M. Moyer
Margaret Gairo, Esquire
Ann E. Swartz, Esquire
Lauren M. Moyer, Esquire
John M. Kolesnik, Esquire
McCabe, Weisberg & Conway, LLC
123 S. Broad Street
Suite 1400
Philadelphia, PA 19109
Attorney for Ally Bank

September 28, 2020
Date


/s/ Michael Seth Schwartz
Michael Seth Schwartz, Esq.
Law Office of Michael Schwartz
707 Lakeside Office Park
Southampton, Pennsylvania 18966
Attorney for Debtor

September 28, 2020
Date


/s/ LeRoy W. Etheridge, Esq.   for
WILLIAM C. MILLER, Esq.
Chapter 13 Trustee                    NO OBJECTION
P.O. Box 1229                         *without prejudice to any
Philadelphia, PA 19105                trustee rights and remedies.

September 29, 2020
Date

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:    Donnell B. Simon | Chapter 13 |
| Debtor(s) | Bankruptcy No. 20-12703-elf |
| Ally Bank, or its Successor or Assignee | |
| Movant | |
| vs. | |
| WILLIAM C. MILLER, Esq., Trustee | |
| Donnell B. Simon | |
| Respondent(s) | |

**ORDER GRANTING SETTLEMENT STIPULATION**

It is hereby ORDERED that the Stipulation to Settle Motion of Debtor to Determine the Secured Status of Debtor's Second Mortgage is hereby APPROVED.

BY THE COURT:

_____
Eric L. Frank, Bankruptcy Judge